# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

FOR PUBLICATION
July 21, 2016

v

No. 325741
Genesee Circuit Court
LC No. 13-032654-FC

KENYA ALI HYATT,

       Defendant-Appellant.

---

Before: SHAPIRO, P.J., and MARKEY, METER, BECKERING, STEPHENS, M.J. KELLY, and RIORDAN, JJ.

METER, J. (*concurring in part and dissenting in part*).

I conur in parts I, II, and III of the majority opinion. I would not, however, vacate defendant Hyatt's sentence and remand this case for resentencing.

The *Milbourn*[1] concept of proportionality provides an adequate framework for review of sentences such as the one imposed in the present case. The sentencing court explicitly mentioned and adhered to the principle of proportionality. In addition, the sentencing court, as noted by the panel in *People v Perkins*, ___ Mich App ___; ___ NW2d ___ (2016) (Docket Nos. 323454; 323876; 325741); slip op at 22, explicitly took the *Miller* factors into consideration.

The majority opinion focuses on the following statement by a psychologist regarding defendant Hyatt's capacity for change: "[I]f I were to predict in five years, it would not be possible."[2] This statement, however, was merely one aspect of the testimony and other evidence appropriately taken into consideration by the sentencing court. In addition, while the court did not explicitly use the term "rare" as employed in *Miller v Alabama*, 576 US ___; 132 S Ct 2455, 2469; 183 L Ed 2d 407 (2010), and *Montgomery v Louisiana*, ___ US ___; 136 S Ct 718, 733; 193 L Ed 2d (2016), the record makes clear that the court applied the applicable concepts from

---

[1] *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990).

[2] The psychologist further stated that she simply could not predict whether defendant Hyatt would change.

*Miller* in finding that a sentence of life without parole was appropriate despite defendant Hyatt's status as a juvenile.

Moreover, the pertinent circumstances—including that defendant Hyatt was the actual shooter, had a history of assaultive behavior, appeared to a counselor to have no conscience, showed no remorse or concern over the crimes, was "disconnected from societal morals and mores," had "serious maladjustment," and was 17 years old at the time of the offenses—clearly supported the sentence. See, generally, *Miller*, 132 S Ct at 2467-2468. The sentencing court specifically noted that defendant Hyatt's age was not a mitigating factor in this particular case, and the court adequately set forth evidence showing that defendant Hyatt's potential for rehabilitation was low. In *Miller*, *id*. at 2468, the Supreme Court stated that a mandatory sentence of life without parole "disregards the possibility of rehabilitation even when the circumstances most suggest it." Here, the circumstances did not "most suggest it."

I find no violation of the principle of proportionality and no need to remand this case. The sentencing procedure was constitutional and the sentence was proportionate to the circumstances surrounding the offense and the offender.

I would affirm the sentence.

/s/ Patrick M. Meter
/s/ Michael J. Kelly
/s/ Michael J. Riordan